IN LIGHT OF THE OKLAHOMA SUPREME COURT DECISION IN J. BROTTON CORP. D/B/A CHANCES V. ABLE COMMISSION, ATTORNEY GENERAL LOVING HAS ASKED ME TO CONTACT YOU REGARDING MY PREVIOUS LETTER TO YOU DATED NOVEMBER 6, 1991.
ON DECEMBER 3, 1991, IN THE CASE OF J. BROTTON CORP. D/B/A CHANCES V. ABLE COMMISSION, THE OKLAHOMA SUPREME COURT RULED ON ISSUES ALMOST IDENTICAL TO THE ONES I ANSWERED IN THE REFERENCED INFORMAL LETTER. THAT LETTER WAS SENT IN RESPONSE TO YOUR LETTER OF MARCH 1, 1991 REQUESTING AN ATTORNEY GENERAL OPINION. AT THE TIME I WROTE THE LETTER OF NOVEMBER 6, 1991, WE WERE COMPLETELY UNAWARE OF THE PENDING LITIGATION. WE WERE EQUALLY UNAWARE OF THE ABLE COMMISSION'S RULES DEFINING PUBLIC SCHOOLS. I INFER FROM OUR PAST CONVERSATION THAT YOU WERE ALSO UNAWARE OF THAT SUIT CASE AND ITS UNDERLYING FACTS.
THE BROTTON CASE WAS A 5 TO 4 DECISION WRITTEN BY JUSTICE WILSON. IN THAT CASE, THE ABLE COMMISSION SOUGHT A WRIT OF CERTIORARI ON WHETHER OR NOT THE OKLAHOMA STATE UNIVERSITY WAS A "PUBLIC SCHOOLS" WITHIN THE MEANING OF 37 O.S. 518.2 (1990). THE LOWER COURTS HELD THAT THE UNIVERSITY WAS NOT A PUBLIC SCHOOL. THE SUPREME COURT REVERSED. THE MAJORITY HELD THAT THE LEGISLATIVE INTENT UNDERLYING 37 O.S. 518.2 SUPPORTED THE ABLE COMMISSION'S RULES AND REGULATIONS DEFINING "PUBLIC SCHOOL" TO INCLUDE STATE COLLEGES AND UNIVERSITIES. THE MAJORITY RECOGNIZED THAT SECTION 518.2 AND THE ALCOHOLIC BEVERAGE ACT DID NOT DEFINE "PUBLIC SCHOOLS". THE DISSENT IN AN OPINION WRITTEN BY JUSTICE KAUGER STATED THAT THE MEANING ASSIGNED BY THE MAJORITY TO PUBLIC SCHOOL" CONTRAVENED THE OKLAHOMA CONSTITUTION, STATUTES AND CASE LAW. COPIES OF BOTH OPINIONS ARE ENCLOSED FOR YOUR REVIEW.
(YASODHARA MOHANTY)